The STATE of Ohio, Appellee,

v.

ODORIZZI, Appellant.

[Cite as *State v. Odorizzi* (1998), 126 Ohio App.3d 512.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 95–BA–37.

Decided March 5, 1998.

*Frank Pierce,* Belmont County Prosecuting Attorney, and *Patricia Jones–Estadt,* Assistant Prosecuting Attorney, for appellee.

*J. Mark Costine,* Belmont County Assistant Public Defender, for appellant.

---

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, Thomas J. Odorizzi, appeals a decision of the Belmont County Court, Western Division, in which, following a plea of no contest, appellant was found guilty of driving while under suspension in violation of R.C. 4507.02(D). Appellant was sentenced to ninety days in jail and ordered to pay a $500 fine. Appellant's Ohio driver's license was also suspended for a period of one year.

On February 3, 1995, appellant was cited for driving under suspension, in violation of R.C. 4507.02(D). On February 9, 1995, appellant appeared before the court for arraignment. At this time, appellant entered a plea of not guilty and trial was set for March 21, 1995. On March 2, 1995, appellant filed a motion to dismiss, claiming that the arresting officer did not have sufficient probable cause to stop appellant's vehicle or to arrest appellant. On March 2, 1995, the trial court issued a journal entry stating that the motion to dismiss would be heard on March 21, 1995, in lieu of trial. The hearing, however, was held on March 22, 1995. On March 22, 1995, the trial court issued a journal entry stating that the officer did have probable cause to stop appellant's vehicle. Following continuances by both appellant and the state, the matter came to hearing on June 20, 1995. Appellant appeared with counsel, withdrew his former plea of not guilty, and entered a plea of no contest. Appellant was subsequently found guilty, sentenced to ninety days in jail, and ordered to pay a $500 fine. Furthermore, appellant's right to operate a motor vehicle in the state of Ohio was suspended for one year. On June 22, 1995, appellant timely filed his notice of appeal.

On October 19, 1995, J. Mark Costine, counsel for appellant, filed a brief asserting that he has long and extensive experience in criminal practice by being an assistant public defender for approximately sixteen years and that he has found no matters that could arguably support an appeal. Counsel further stated that he feels that an appeal would be wholly frivolous. On March 4, 1997, appellant was granted thirty days to raise any assignments of error *pro se.* Appellant has filed nothing further in support of his appeal.

Counsel has filed a "no-merit" brief. We have discussed such briefs numerous times in the past. In *State v. Short* (Nov. 24, 1997), Columbiana App. No. 96–CO–49, unreported, 1997 WL 728487, this court held:

"It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit.  See, generally, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493;  *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419.  To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal.  *Id.* The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.  *Id.*"

In *Toney,* this court set forth in the syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

"3.   Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

"4.   Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

"5.   It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

"6.   Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

"7.   Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."

Court-appointed counsel, J. Mark Costine, has filed a brief stating that he has long and extensive experience in criminal practice, has examined the record, and has found no matters which could arguably support an appeal.  Counsel's conclusions have been transmitted to appellant and appellant was granted time to raise any assignments of error, *pro se,* to which appellant has failed to respond. Furthermore, this court has fully examined the record and determines that the appeal is wholly frivolous.

Based on the aforementioned, court-appointed counsel is permitted to withdraw, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

Cox and WAITE, JJ., concur.