OPINION
{¶ 1} Appellant Charles E. Lynch entered a plea of guilty to the charge of voluntary manslaughter, with a firearm specification, in the Mahoning County Court of Common Pleas. Appellant's counsel on appeal has filed a no merit brief and a motion to withdraw based on a lack of any viable issues on appeal pursuant to State v. Toney (1970),23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419.
 {¶ 2} Appellant was originally charged with murder under R.C.2903.02(A), (D), punishable by an indeterminate prison term of 15 years to life. He was also charged with having a weapon while under disability, R.C. 2923.13(A), a third degree felony. Included in the charge was a repeat violent offender specification. He was accused of murdering Mr. Martin Walker on March 5, 2005. Mr. Walker was standing in front of the F N Market in Youngstown, Ohio, when shots were fired at him from a moving vehicle, and he died from the gunshot wounds. Appellant turned himself over to the police. Months later, he told the police that he was not the shooter but only the driver of the vehicle. Several weeks prior to this statement, the alleged shooter, Ollie Shuler, was killed in an unrelated incident. While the case was pending, two other eyewitnesses to the crime were also murdered.
 {¶ 3} Appellant waived his right to speedy trial. The case was set for trial on January 18, 2007. On January 12, 2007, Appellant entered into a Crim.R. 11 plea agreement. He agreed to plead guilty to one count of voluntary manslaughter, R.C. 2903.03(A), a first degree felony, and one firearm specification, R.C. 2941.145, with a mandatory three-year prison term. The state agreed to the reduced charges and it was agreed that the state would request the maximum 13-year prison term. A plea *Page 2 
hearing was held on January 12, 2007. After an extensive colloquy with Appellant, the trial court accepted the plea. Sentencing took place on February 7, 2007. Two members of the victim's family spoke at the hearing. As agreed, the prosecutor asked that the maximum sentence be imposed. The court did impose the maximum sentence of ten years in prison plus a three-year consecutive prison term for the gun specification. The notice of appeal was filed on February 22, 2007.
 {¶ 4} On June 27, 2007, Appellant's counsel filed a no merit brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to our ruling in Toney, supra. "`It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous." (Citations omitted.) State v. Odorizzi (1998), 126 Ohio App.3d 512, 515,710 N.E.2d 1142.
 {¶ 5} In Toney, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 6} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he *Page 3 
should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 7} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 8} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 9} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 10} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 11} In reviewing the record, we note that the plea hearing and sentencing hearing in this case were not perfect. For some reason, the trial judge told Appellant that pleading guilty meant that he was completely giving up the right to vote, which is not entirely true. (1/12/07 Tr., p. 9.) See R.C. 2961.01(A). The judge also told Appellant that, "there is a slight possibility that you have the right to an appeal." (1/12/07 Tr., p. 9.) It is not clear what the judge meant by "slight possibility." Even a defendant who pleads guilty has the right to appeal whether the plea was made *Page 4 
voluntarily. State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731,774 N.E.2d 1228. Perhaps the court was attempting to allude to the fact that, in a plea agreement where the accused is sentenced to the exact sentence that was jointly agreed, and authorized by law that accused may not, then, appeal that sentence. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805. Regardless, we also note that during sentencing, the trial judge chastised the surviving wife and children of the victim (Mr. Martin Walker), who were present at the hearing. (2/7/07 Tr., pp. 3-5.) The judge also reprimanded Appellant's grandmother for being in the courtroom with a child, and ordered them to leave. Although these events are somewhat strange, they do not appear to have had any impact on the plea or the sentence that was rendered.
 {¶ 12} Because we can find no error in any of the proceedings, we hereby affirm the judgment of the trial court. Counsel's motion to withdraw is sustained.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1