OPINION
{¶ 1} Counsel for Appellant Alonzo Thigpen has filed a no merit brief and motion to withdraw as counsel in this criminal appeal, pursuant toState v. Toney (1970), 23 Ohio App.2d 203, 262 N.E.2d 419. Appellant was charged with aggravated murder, attempted aggravated murder, and robbery. After Crim. R. 11 plea negotiations had taken place, he pleaded guilty to voluntary manslaughter, attempted murder and robbery, along with firearm specifications. Appellant and the prosecutor agreed to recommend an 18-year prison term, which was accepted by the trial court. Appellant then filed this delayed appeal.
 {¶ 2} Counsel has explored a number of possible areas of appeal, none of which has any merit. Counsel's motion to withdraw is hereby granted, and the judgment affirmed.
 History of the Case {¶ 3} On September 22, 2005, Appellant was indicted in Mahoning County on two counts of aggravated murder, two counts of attempted murder, and two counts of aggravated robbery. Appellant was accused of shooting Ralph Miller and Charles Glenn during a robbery on September 8, 2005. Mr. Miller was killed during the robbery. Mr. Glenn survived the shooting, but died of natural causes during the pendency of the criminal proceedings.
 {¶ 4} On June 14, 2006, Appellant filed a motion to suppress certain statements he made to the police, arguing that the police violated his Miranda rights as set forth in Miranda v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694. Appellant also filed a motion to dismiss count two of the indictment because it *Page 2 
failed to sufficiently accuse him of any crime. Another motion to suppress was filed on September 7, 2006. The court held a hearing on November 7, 2006. The court partially granted the motion to suppress, and also dismissed count two of the indictment.
 {¶ 5} On February 5, 2007, the parties held a plea hearing. The state agreed to the terms of the plea agreement contingent upon Appellant's continued cooperation in the prosecution of his co-defendant, Durral Justice. Appellant agreed to plead guilty to one count of voluntary manslaughter, R.C. 2903.03(A), a first degree felony; one count of attempted murder, R.C. 2903.02(A) and 2923.02(A), a first degree felony; and two counts of aggravated robbery, R.C. 2911.01(A)(1), also first degree felonies. He also agreed to plead guilty to four firearm specifications, R.C. 2941.145(A), carrying a mandatory three-year prison term. The remaining charges were dismissed. The signed plea agreement is part of the record. The parties jointly agreed to an 18-year prison term. The court accepted the guilty plea, contingent upon Appellant's continued cooperation in the state's case against Durral Justice.
 {¶ 6} Sentencing was scheduled for March 21, 2007. The court sentenced Appellant to ten years in prison on the voluntary manslaughter charge, five years in prison for attempted murder, and a three-year prison term for the firearm specifications, all to run consecutively. The court also sentenced him to five years in prison for each of the two aggravated robbery charges, to run concurrently. The aggregate sentence amounted to 18 years in prison, as jointly agreed by the parties. *Page 3 
The sentencing entry was filed on March 22, 2007. This delayed appeal was filed on October 22, 2007. We granted a motion for delayed appeal on November 7, 2007. Appellant was appointed counsel, and counsel filed a no merit brief on February 6, 2008, along with a motion to withdraw as counsel. On February 13, 2008, this Court granted Appellant 30 days to file any additional arguments relating to possible issues for appeal. Nothing more has been filed.
 Frivolous Nature of the Appeal {¶ 7} "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. See, generally, Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; State v. Toney (1970),23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal.Id. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id." State v.Odorizzi (1998), 126 Ohio App.3d 512, 515, 710 N.E.2d 1142.
 {¶ 8} In Toney, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 9} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and *Page 4 
that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 10} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 11} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 12} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 13} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 14} It is beyond dispute that a plea of guilty effectively waives all non-jurisdictional appealable errors which may have occurred prior to the plea, unless such errors are shown to have precluded the defendant from voluntarily entering the plea. Ross v. Common Pleas Courtof Auglaize County (1972), 30 Ohio St.2d 323, 323-324, 285 N.E.2d 25;State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. *Page 5 
 {¶ 15} Appellant's counsel has addressed some areas that were explored as possible avenues for appeal, but also determined that there were no arguable claims to be made. Counsel considered whether there were any speedy trial issues to present on appeal. The record indicates that Appellant was incarcerated for more than 90 days awaiting trial, but his guilty plea constitutes a waiver of any speedy trial issue on appeal. Id., at paragraph one of the syllabus.
 {¶ 16} Counsel examined whether there were any appealable issues with respect to the motions to suppress. Once again, though, Appellant has waived any right to appeal the trial court's ruling on the suppression motions because he entered a guilty plea. State v. McQueeney,148 Ohio App.3d 606, 2002-Ohio-3731, 774 N.E.2d 1228, ¶ 13.
 {¶ 17} An issue was raised as to whether Appellant's trial counsel was ineffective by not allowing the case to be presented to a jury at trial. To establish ineffective assistance, Appellant must show deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and prejudice, meaning that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different. Strickland v.Washington (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is no indication in the record of any deficient performance by trial counsel. A wide variety of motions were filed by defense counsel, including discovery motions, a motion to reduce bail, a series of motions to suppress and motions in limine. Counsel had also filed proposed jury *Page 6 
instructions. Trial counsel appears to have had every intention of taking the case to trial. Furthermore, the plea agreement in this case reduced the possible prison term of 20 years to life on an aggravated murder charge to 10 years on the reduced charge of voluntary manslaughter. Counsel also negotiated reduced prison terms for attempted murder and two counts of aggravated robbery, reducing the prison term for these crimes from a potential of 30 years down to an aggregate of 5 years. The record does not indicate any basis for further inquiry into a claim of ineffective assistance of trial counsel.
 {¶ 18} The record fails to reveal any issue regarding whether Appellant's guilty plea was made knowingly, intelligently and voluntarily. The record contains a written plea agreement and the transcript of a full plea hearing. The trial court engaged in an extensive colloquy with Appellant regarding the rights that were being waived by pleading guilty, and the significance of the plea. Appellant was able to express himself during the plea hearing, responded to the court's questions, and freely entered his plea.
 {¶ 19} Turning now to sentencing, Appellant is also barred from raising any issues on appeal based on his plea agreement. A criminal defendant cannot appeal a sentence that is, "authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). This includes any issues that might conceivably arise under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. See, e.g., State v. Haney, 2nd Dist. No. 06CA105, 2007-Ohio-5174. The parties in this case agreed *Page 7 
on the 18-year prison sentence, and the agreed sentence was imposed by the trial judge. Therefore, there are no possible sentencing issues to raise on appeal.
 {¶ 20} Appellant's counsel is correct that this appeal is wholly frivolous. The record does not indicate any viable arguments with respect to the plea, the plea hearing, or the trial court's acceptance of the plea. Counsel is therefore permitted to withdraw and the conviction and sentence are affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1