[Cite as *State v. Brown*, 2010-Ohio-6603.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 34 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DARRELL BROWN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Youngstown
                             Municipal Court of Mahoning County,
                             Ohio
                             Case No. 09 TRD3270

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Joseph Macejko
                             Youngstown City Prosecutor
                             26 S. Phelps Street
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Richard J. Hura
                             WPA Memorial Building
                             132 S. Broad Street, Suite 204B
                             Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                             Dated:  December 29, 2010

WAITE, J.

**{¶1}** Appellant Darrell Brown was convicted of driving under suspension and was placed on probation. He violated the terms of his probation and probation was revoked, resulting in a 180-day jail term. Appellant filed an appeal of the decision revoking his probation. Counsel for Appellant has filed a no merit brief and a request to withdraw as counsel pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. For the following reasons, counsel's motion to withdraw is sustained and the judgment of the trial court is affirmed.

**{¶2}** Appellant was issued a traffic citation on July 25, 2009, charging him with driving under suspension, failure to observe a traffic control device, and fleeing and eluding. On September 9, 2009, Appellant appeared with court-appointed counsel and entered a Crim.R. 11 plea agreement of no contest to one count of driving under suspension, a first degree misdemeanor. The other two charges were dismissed. On September 9, 2009, the court found Appellant guilty. The court proceeded to sentence Appellant to the community control sanction of one year of supervised probation. He was also ordered to pay $100 to reimburse costs for community control, and was ordered to obtain a valid operator's license. This judgment entry was not appealed.

**{¶3}** On December 29, 2009, Appellant's probation officer filed a notification of probation violation, alleging that Appellant had not paid his financial sanction, and had failed to report for probation, among other probation violations. A probable cause hearing was held on January 28, 2010. Appellant, through counsel, stipulated to the probation violation. On January 28, 2010, the trial court revoked Appellant's

probation and imposed a jail term of 180 days. The probation violation judgment entry is now on appeal. The trial court subsequently granted a motion for stay of execution of sentence on appeal.

{¶4} On May 24, 2010, appellate counsel filed a motion to withdraw as counsel and submitted a no merit brief. Appellant was given 30 days to file any pro se assignments of error, and nothing more has been filed. Transcripts were filed of the original conviction and sentence, and the probation violation proceedings.

{¶5} Counsel is asking to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to this Court's ruling in *Toney,* supra. " 'It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.' " (Citations omitted.) *State v. Odorizzi* (1998), 126 Ohio App.3d 512, 515, 710 N.E.2d 1142.

{¶6} In *Toney,* we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and

that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

{¶9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶10} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

{¶11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶12} The question on appeal is whether there are any non-frivolous issues to be reviewed regarding the revocation of Appellant's community control sanction. The community control sanction was one year of supervised probation, and the punishment imposed on revocation of community control was 180 days in jail. Because a community control revocation hearing is not a criminal trial, the state does not have to establish a violation with proof beyond a reasonable doubt. *State v.*

*Delaine*, 7th Dist. No. 08 MA 257, 2010-Ohio-609, ¶14; *State v. Hylton* (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present substantial proof that a defendant violated the terms of his community control sanction. Id. at 782. Unless the decision amounts to an abuse of discretion, a reviewing court will not reverse the trial court's decision revoking community control. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

**{¶13}** Crim.R. 32.3 reads, in pertinent part, that "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

**{¶14}** Revocation of probation implicates two due process requirements. The trial court is first required to conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. In this case, there was a hearing and Appellant conceded that probable cause existed for the probation violation.

**{¶15}** Secondly, the court is required to hold a final hearing to determine whether probation should be revoked. At the final revocation hearing, the state must: (1) provide the probationer with written notice of the alleged violations of probation;

(2) disclose the evidence against him; (3) give the probationer an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow him to confront and cross-examine adverse witnesses; (5) afford him a neutral and detached hearing body; and (6) provide the probationer with a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. *State v. Myers* (June 21, 1996), 7th Dist. No. 95-CO-29, citing *Morrissey*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. These requirements apply to probation revocation proceedings in municipal court as well as the court of common pleas. *State v. Smith*, 7th Dist. No. 01 CA 187, 2002-Ohio 6710.

**{¶16}** In this case, Appellant was notified of the alleged probation violations and was given a hearing. Appellant was represented by counsel at the hearing. Appellant stipulated to probable cause for the probation violations and openly admitted that he committed the violations.

**{¶17}** When imposing a community control sanction for a misdemeanor, the court is required at sentencing to inform the defendant of the jail term that may be imposed for violation of any of the conditions of community control. R.C. 2929.25(A)(3). The court in this case specifically told Appellant that he would be sent to jail for six months if he failed to abide by the terms of probation.

**{¶18}** Counsel raises the possibility that there might be a claim of ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant

of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. The record does not indicate any deficient performance by counsel. Appellant's counsel helped Appellant obtain a significant benefit in his original criminal proceeding by arranging for two charges to be dropped and in obtaining a community control sanction for Appellant rather than an immediate jail term. In the probation revocation proceedings, counsel opted to stipulate to the probation violation and concentrate on presenting mitigating circumstances to try and minimize the penalty. Reviewing courts do not second guess trial tactics and strategy when addressing the issue of ineffective assistance of counsel, and even debatable trial tactics generally do not constitute a deprivation of effective counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35, 402 N.E.2d 1189.

**{¶19}** There are no possible issues for further review in this case. Appellant was notified of the probation violation, a hearing took place, and the court listened to Appellant's excuses for not abiding by the terms of probation. The court then imposed the six-month jail term that was described at the original sentencing hearing. The judgment entry of January 28, 2010, correctly reflects that the maximum jail term of 180 days was imposed for the community control violation. There is no abuse of discretion indicated by the court's actions, and there are no non-frivolous issues to review on appeal. Because there are no meritorious issues for appeal, we find that this appeal is wholly frivolous. Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, P.J., concurs; see concurring opinion.

VUKOVICH, P.J., concurring:

{¶20} I write separately to voice my concern with the situation before us where an indigent traffic defendant is jailed for 180 days because he violated a condition of probation wherein he was to obtain employment for six months. While I recognize that some courts have upheld such a condition as within a court's broad discretionary powers, see, e.g., *State v. Owens,* (1978), 78 Ohio App. 374, I am of the opinion that such a requirement negates statutory requirements concerning an indigent defendant's nonpayment of any monetary fine imposed by the trial court.

{¶21} R.C. 2947.14 sets forth a procedure which requires a hearing to determine if an offender has the ability to pay the fine imposed by the court, and requires findings of fact if it is determined that the offender has the ability to pay.

{¶22} By putting an indigent defendant on probation with a condition that he obtain employment, one of two things will happen. If the offender obtains employment, he most likely will have the ability to pay a fine, and could be jailed upon nonpayment. If the offender does not obtain employment, then the offender could be jailed on a probation violation without any reference to or compliance with the safeguards set out in the aforementioned R.C. 2947.12. Either way, the intent of the General Assembly in enacting the statute is thwarted.

{¶23} Here, however, the aforementioned issue was not timely raised by appellant. Objectionable terms or conditions of probation should be filed within thirty days of the judgment which imposed them. Appellant's failure to do so here constitutes waiver. Accordingly, I reluctantly am forced to concur with the opinion of my colleagues which affirmed the decision of the trial court.