[Cite as *State v. Schybal*, 2011-Ohio-4313.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 BE 8 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GARNER AMOS SCHYBAL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the County Court, Northern Division, of Belmont County, Ohio
Case No. 09 CRB 744

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Christopher Berhalter
Belmont County Prosecutor
Atty. Daniel P. Fry
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant: Atty. John M. Jurco
Jividen Law Offices
729 North Main Street
Victorian Old Town
Wheeling, WV 26003

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: August 24, 2011

WAITE, P.J.

{1} Counsel for Appellant Garner Amos Schybal has filed a no merit brief and a request to withdraw as counsel pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. For the following reasons, counsel's motion to withdraw is sustained and Appellant's conviction and sentence affirmed.

{2} On December 7, 2009, Appellant was charged with domestic violence against his girlfriend Jennifer Hunley. The charges arose from an incident that occurred during the early morning hours of December 5, 2009, at a motel in St. Clairsville, Ohio. Hunley alleged that Appellant choked her and pushed her against a wall. A Belmont County sheriff's deputy was called to the scene and noted that Hunley had red marks around her neck when he spoke with her. The court issued a temporary protection order on January 15, 2010. The case was set for arraignment on that day, but Appellant failed to appear. An arrest warrant was issued, but was withdrawn when Appellant voluntarily appeared in court on January 22, 2010. He pleaded not guilty to the charge and counsel was appointed by the court.

{3} Appellant failed to appear for trial on February 24, 2010. The case was reset for bench trial on March 3, 2010. Testimony at that trial revealed that Appellant and Ms. Hunley were staying at the Relax Inn in St. Clairsville. They had been dating for three or four years. Appellant had been ingesting cocaine and became agitated because he thought there were other men in the room with Ms. Hunley. (Tr., pp. 8-9.) Appellant began shoving Ms. Hunley, then wrapped a wire tightly around her neck and choked her. (Tr., p. 10.) She testified that "[m]y head felt like it was going to pop off" and she believed that she became unconscious. (Tr., pp. 11-12.)

Appellant fled the scene, and Ms. Hunley called the police. Belmont County Sheriff's Deputy Randy Stewart arrived and found Ms. Hunley upset, crying, and having trouble swallowing. She told the deputy that she had been shoved against a wall and choked, and he noticed slight red marks on her neck. (Tr., p. 19.) Appellant testified, however, that Ms. Hunley caused the injuries to herself. (Tr., p. 24.) Appellant acknowledged that he had been ingesting cocaine that morning. (Tr., p. 26.)

{4} The court found Appellant guilty of domestic violent pursuant to R.C. 2919.25(A), a first degree misdemeanor. The judgment entry of conviction was filed on March 3, 2010, and sentencing was scheduled for March 10, 2010. On that date the court filed its sentencing judgment entry. Appellant was sentenced to 180 days in jail with 80 days suspended and credit given for fourteen days. The remaining 86 days were to be served immediately. Appellant was also required to pay court costs and was given two years of probation. This appeal was filed on March 19, 2010. The trial court stayed the sentence pending the outcome of the appeal. Appellant's counsel subsequently filed a no merit brief and a motion to withdraw as counsel.

{5} Upon further review of the case file, it was determined that the trial court's sentencing order did not conform to the requirements of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. In *Baker*, the Ohio Supreme Court held that, pursuant to Crim.R. 32(C), "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of

court." Id. at syllabus. These four elements must be contained in one document to constitute a final appealable order of conviction. Id. at ¶18. If one of these elements is missing, there is no final appealable order. Id. at ¶19. This error may be corrected in a nunc pro tunc entry by the trial court. *State v. Harris*, 5th Dist. No. 10-CA-49, 2011-Ohio-1626, ¶30. The trial court's judgment did not state that the court found Appellant guilty in a bench trial, and therefore, the appeal was placed in abeyance and the trial court was given 20 days to issue a final appealable order in conformance with *Baker.* The court issued its nunc pro tunc judgment entry on April 21, 2011. The revised judgment entry now conforms to the *Baker* holding.

{6} Counsel is asking to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to our ruling in *Toney,* supra. " 'It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.' " (Citations omitted.) *State v. Odorizzi* (1998), 126 Ohio App.3d 512, 515, 710 N.E.2d 1142.

{7} In *Toney,* we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

**{8}** "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{9}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

**{10}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{11}** "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

**{12}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

**{13}** There are no errors in the bench trial of this case that are evident from the record. Appellant was represented by counsel during the trial court proceedings and during this appeal. A timely bench trial was held, witnesses were presented, and Appellant's attorney effectively examined or cross-examined each witness. The

transcript of trial is in the record on appeal. Appellant himself testified at trial and confirmed most of the testimony of the state's witnesses. There was conflicting testimony on a few elements of this case, particularly where Appellant claimed that the victim choked herself. The trier of fact weighed the evidence and found Appellant guilty. The trial was held in a timely manner and no motion to dismiss based on speedy trial errors was filed in this case. Only one exhibit was admitted into evidence, photographs of the victim, and no objection was raised to this exhibit. This case hinged on the testimony of the victim, and that testimony, if believed by the trier of fact, is sufficient to support a conviction. *State v. Cunningham*, 105 Ohio St.3d 197, 2004-Ohio-7007, 824 N.E.2d 504, at ¶51–57. Counsel is permitted to withdraw in this case and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.