[Cite as *State v. Harris*, 2012-Ohio-1304.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 51 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TERRANCE HARRIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Youngstown
                                 Municipal Court of Mahoning County,
                                 Ohio
                                 Case No. 10 CRB 1231

JUDGMENT:                        Dismissed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Joseph Macejko
                                 Youngstown City Prosecutor
                                 Atty. Bassil Ally
                                 Assistant Prosecuting Attorney
                                 26 S. Phelps Street
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Atty. Richard Hura
                                 WPA Memorial Building
                                 132 S. Broad Street, Suite 204B
                                 Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated:  March 21, 2012

WAITE, P.J.

{¶1} Appellant Terrance Harris appeals from his conviction on a probation violation in Youngstown Municipal Court. He was originally convicted on one count of unauthorized removal, a first degree misdemeanor under Youngstown Municipal Ordinance 545.23 (referring to the unauthorized removal of copper wiring, gutters, fixtures, plumbing, etc., from a structure). A fine was imposed, and he was sentenced to community control sanctions including the requirement to report daily to the county jail for 90 days. He agreed to perform 74 hours of community service in lieu of paying the fine. He failed to complete any of the community service or report to the jail as ordered. Appellant stipulated to the probation violation, and the court sentenced him to 150 days in jail. Appellant's counsel on appeal has filed a no merit brief and a request to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (7th Dist.1970).

{¶2} No appealable issues are apparent from the record of the case. Appellant did not contest the probation violation, has completed his misdemeanor sentence, and did not request a stay of his sentence. Therefore, the appeal is moot. *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶23. Further, the record reflects that Appellant was represented by counsel on the probation violation, stipulated to the violation, had a full hearing regarding the stipulation and sentence, and received a sentence within the statutory range for his crime. For these reasons, counsel's motion to withdraw is sustained and this appeal is dismissed.

**{¶3}** Appellant was cited on July 7, 2010, on one count of unauthorized removal, a first degree misdemeanor punishable by up to 180 days in jail. He entered a plea of no contest, and was sentenced on August 6, 2010, to community control sanctions and a fine. The community control sanctions consisted of 90 days of daily reporting to the Mahoning County jail (starting on August 9th and ending on November 6th), and one year of intensive probation supervision. He also was required to pay a $200 fine and reimburse costs of $100. These had to be paid by October 31, 2010. He agreed to perform 74 hours of community service in lieu of paying the fine.

**{¶4}** A notification of probation violation was filed on December 28, 2010. It alleged that Appellant had not performed any hours of community service and had not reported on a daily basis to the jail. A probable cause hearing was held on January 24, 2011, and Appellant stipulated to the probation violation. Sentencing took place on February 28, 2011. Appellant was represented by counsel in the probation revocation proceedings. Appellant was permitted to explain why he violated his probation, and he stated that he needed extra money and had obligations that conflicted with his probation requirements. The court pointed out that Appellant had more than six months to complete 90 days of daily reporting to the jail and to perform a relatively few hours of community service, and he had completed neither. The court revoked probation and imposed 150 days of jail time. This appeal followed. Counsel filed a no merit brief on July 1, 2011, and Appellant was given

time to file any additional issues for appeal. Nothing further was filed. Appellant's sentence expired on July 28, 2011.

**{¶5}** Counsel is asking to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and pursuant to our ruling in *Toney*, *supra*. " 'It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.' " (Citations omitted.) *State v. Odorizzi*, 126 Ohio App.3d 512, 515, 710 N.E.2d 1142 (7th Dist.1998).

**{¶6}** In *Toney*, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

> **{¶7}** 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶8}** 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

**{¶9}** 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶10}** 6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

**{¶11}** 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed. (Emphasis sic.) *Id.* at syllabus.

**{¶12}** The record reflects that this appeal is now moot. In a misdemeanor case, an appeal is moot if the defendant has voluntarily served his sentence and

there is no indication that there are any collateral disabilities that might arise from the conviction. *Cleveland Hts. v. Lewis, supra,* at ¶18, citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975). The term "voluntarily" in this context means that the defendant acquiesced in the judgment or abandoned the right to review. *Id.* at ¶21. Normally this means that the defendant did not contest the charges at trial or file a motion for stay of execution of sentence with the trial court. *Id.* at ¶23. Appellant voluntarily served his sentence in this case. He admitted to the probation violation and served his sentence without attempting to stay execution of the sentence. There has been no suggestion of any collateral consequences of the conviction, and none are apparent in the record.

{¶13} Even if the appeal were not moot, we find no possible issues on appeal that could be categorized as non-frivolous. The matter under review is a probation violation proceeding revoking community control. A community control revocation hearing is not a criminal trial, and the state does not have to establish a violation with proof beyond a reasonable doubt. *State v. Delaine*, 7th Dist. No. 08 MA 257, 2010-Ohio-609, ¶14; *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (1991). Instead, the prosecution must present substantial proof that a defendant violated the terms of his community control sanction. *Id.* at 782. The trial court's decision in a probation revocation proceeding is reviewed for abuse of discretion. *State v. Brown*, 7th Dist. No. 10 MA 34, 2010-Ohio-6603, ¶12. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was

unreasonable, arbitrary, or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

**{¶14}** Crim.R. 32.3(A) reads, in pertinent part, that "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

**{¶15}** Revocation of probation implicates two due process requirements. The trial court is first required to conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The court is then required to hold a final hearing to determine whether probation should be revoked. *Brown, supra,* at ¶15. These requirements apply to probation revocation proceedings in municipal court as well as the court of common pleas. *State v. Smith*, 7th Dist. No. 01 CA 187, 2002-Ohio-6710.

**{¶16}** In this case, there were two hearings. At the first hearing, Appellant stipulated to probable cause and openly admitted to the probation violation. He then appeared at the sentencing hearing and attempted to explain why he had completely failed to abide by the terms of probation. He was sentenced to less than the maximum punishment allowable for a first degree misdemeanor. There is no abuse of discretion indicated in the record of these hearings.

{¶17} Because Appellant has served his misdemeanor sentence and there are no non-frivolous issues for review, we hereby grant counsel's motion to withdraw and the appeal is dismissed.

Donofrio, J., concurs.

Vukovich, J., concurs.