[Cite as *State v. Baker*, 2013-Ohio-862.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 32 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROBERT BAKER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 11 CR 194

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:    Atty. Edward A. Czopur
DeGenova & Yarwood, Ltd.
42 North Phelps St.
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  March 8, 2013

WAITE, J.

{¶1} Counsel for Appellant Robert Baker has filed a no merit brief and a request to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (1970). For the following reasons, counsel's motion to withdraw is sustained and Appellant's conviction and sentence are affirmed.

{¶2} On February 24, 2011, Appellant was indicted on twenty-five charges including eleven counts of rape, eleven counts of gross sexual imposition, as well as counts of attempted gross sexual imposition, voyeurism and disseminating matter harmful to juveniles. There were five victims referred to in the indictment, all of whom were juveniles when the crimes occurred. The rape counts were punishable by life in prison. The remaining charges were felonies of the third, fourth and fifth degree. Counsel was appointed. On December 28, 2011, Appellant had a hearing in which he pleaded guilty to all the charges pursuant to a Crim.R. 11 plea agreement, in exchange for a removal of the life specifications of the rape charges, and in exchange for a jointly agreed sentence recommendation of 10 years. The court advised Appellant of all the constitutional and nonconstitutional rights he was waiving by entering the plea, and then accepted his guilty pleas. A sentencing hearing was held on January 19, 2012. In a judgment entry dated January 23, 2012, the trial court imposed the agreed sentence of 10 years in prison. This appeal followed.

{¶3} Counsel is asking to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and pursuant to our ruling in *Toney*, *supra*. " 'It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon

a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.' " (Citations omitted.) *State v. Odorizzi*, 126 Ohio App.3d 512, 515, 710 N.E.2d 1142 (1998).

{¶4} In *Toney*, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the

arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

{¶5} A plea of guilty or no contest must be made knowingly, intelligently and voluntarily for it to be a valid and enforceable plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶25. In order to ensure that a plea in a felony case is knowing, intelligent and voluntary, Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that are being waived and to discuss the consequences of the plea. Crim.R. 11(C)(2)(c) requires the court to review five constitutional rights that are waived when entering a guilty or no contest plea in a felony case: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶19.

A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising the defendant of the constitutional rights that are being waived in entering a felony plea. *Id.* at syllabus. Prejudice is presumed if the court fails to inform the defendant of any of the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id.* at ¶29. A trial court's acceptance of a guilty or no contest plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus; *see also Veney*, *supra*, at ¶27.

{¶6} The nonconstitutional requirements of Crim.R. 11 are subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶11-12. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Further, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs*, *supra*, at ¶12. Counsel has correctly listed the nonconstitutional rights that were reviewed at the change of plea hearing: the nature of the charges; the range of punishments; the voluntariness of the plea; confirmation of the defendant's competence; the right to effective assistance of counsel; the right to an appeal; the court's authority to impose sentence independent of any recommendations; and the court's authority to proceed immediately with sentencing.

**{¶7}** In this case, the court conducted an extensive colloquy with Appellant, explaining all his constitutional and nonconstitutional rights as set forth in Crim.R. 11(C). The court specifically reviewed the five constitutional rights being waived in Crim.R. 11(C)(2)(c), and also explained the various nonconstitutional issues, including the effect of entering a guilty plea.

**{¶8}** The only unusual aspect of the plea hearing was that Appellant entered an *Alford* plea. An *Alford* plea is a guilty plea made in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), whereby the defendant pleads guilty but maintains that he did not commit the crime. An *Alford* plea is "merely a species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. *State v. Carter*, 124 Ohio App.3d 423, 429, 706 N.E.2d 409 (2d Dist.1997); *State v. Nguyen*, 6th Dist. No. L-05-1369, 2007-Ohio-2034, ¶18. "The defendant's purpose for entering an *Alford* plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." *State v. Bailey*, 1st Dist. No. C-030916, 2004-Ohio-6427, ¶7. A trial court may accept a guilty plea containing a protestation of innocence when "a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Alford* at 37.

**{¶9}** By entering an *Alford* plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea pursuant to

Crim.R. 11. *Nguyen, supra*, at ¶18; *State v. Lewis*, 7th Dist. No. 97-CA-161 (July 30, 1999).

**{¶10}** The trial judge in this case was aware of the nature of the plea and engaged in a colloquy with Appellant about his *Alford* plea. The court inquired if Appellant was making the plea due to the fear of the consequences of a jury trial and any desire to seek a lesser penalty. Appellant acknowledged that these were the reasons he was making the *Alford* plea. (12/28/11 Tr., pp. 6-7.) This colloquy satisfies the requirements of *Alford*, and no errors appear in the record.

**{¶11}** Counsel is aware that no sentencing error can be raised because the sentence imposed was jointly recommended by Appellant and the state and was accepted by the trial court. A jointly recommended sentence that is authorized by law and that is accepted and imposed by the trial court is not subject to direct appeal. *State v. Reed*, 7th Dist. No. 09 MA 53, 2010-Ohio-1096; R.C. 2953.08(D)(1).

**{¶12}** Because the record contains no apparent errors, counsel is permitted to withdraw and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.