[Cite as *State v. Smith*, 2015-Ohio-4809.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 MA 65 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SANJUAN SMITH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 11 CR 647

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Donna McCollum
3685 Stutz Dr., Suite 100
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: November 17, 2015

WAITE, J.

{¶1} On August 30, 3012, Appellant Sanjuan Smith was sentenced in the Mahoning County Court of Common Pleas following a Crim.R. 11 guilty plea agreement on attempted rape, kidnapping, and felonious assault. Appellant was sentenced to three prisons terms of six, two and two years, to be served consecutively, for a total prison term of ten years. He appealed the sentence, and was partially successful on appeal. The case was remanded for resentencing so that the trial court could make the proper findings regarding consecutive sentences. *State v. Smith*, 7th Dist. No. 12 MA 168, 2014-Ohio-1398 (*Smith I*). At the resentencing hearing on May 2, 2014, Appellant asked to withdraw his plea. The court denied the request because the case had already been before the court of appeals and was remanded only for resentencing regarding the consecutive nature of his sentences. The trial court concluded that it did not have authority to consider the oral motion to withdraw the plea. The trial court then reimposed the ten-year sentence, making the appropriate findings. This appeal followed.

{¶2} Appellant's counsel has filed a no merit brief and a motion to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 N.Ed.2d 419 (7th Dist.1970) and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The only possible issue raised is whether the trial court correctly ruled on Appellant's oral motion to withdraw his plea.

{¶3} " 'It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such

a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.' " (Citations omitted.) *State v. Odorizzi*, 126 Ohio App.3d 512, 515, 710 N.E.2d 1142 (7th Dist.1998).

**{¶4}** In *Toney*, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

6.   Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.

7.   Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Toney* at syllabus.

{¶5}   The only issue discussed by counsel relates to an oral motion to withdraw a plea.  Counsel questions whether such a motion can be raised after the direct appeal has affirmed the conviction, but there is a limited remand to the trial court solely for resentencing due to an error in imposing consecutive sentences under R.C. 2929.14(C).  A motion to withdraw a plea cannot be sustained by the trial court after the case has been appealed and the conviction affirmed.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶61; *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978); *State v. Robertson*, 9th Dist. No. 12CA0094-M, 2013-Ohio-4556, ¶8-9; *State v. Parks*, 7th Dist. No. 08 CA 857, 2009-Ohio-4817, ¶8.  Even if the appeal deals only with sentencing matters and the conviction itself is not directly challenged, all matters concerning the conviction (including the plea) that could have been raised on appeal become *res judicata* once the appeal has concluded.  *State ex rel. Special Prosecutors* at 97.  If the case is

reviewed and partially remanded for some aspect of resentencing, the appellate court has nevertheless affirmed the underlying conviction and the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated. *State v. Triplett*, 4th Dist. No. 11CA24, 2012-Ohio-4529; *State ex rel. Prosecutors* at 97-98. The trial court in this case correctly interpreted the law regarding the scope of the remand and its lack of authority to grant a Crim.R. 32.1 motion to withdraw a plea, and any challenge to the trial court's determination would be frivolous.

{¶6} Counsel has alleged that there are no other appealable issues, and the record confirms that any possible issues would be frivolous. As a result of the earlier appeal, the case was remanded solely for resentencing due to an error regarding consecutive sentences. *Smith I* at ¶24. The resentencing occurred and the ten-year prison term was reimposed. The consecutive sentencing error has been corrected, in that the court made the three findings required by R.C. 2929.14(C)(4): (1) that consecutive sentences were needed to protect the public from future crime; (2) that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public; and (3) that two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The findings were made both at the sentencing hearing and in the May 6, 2014, resentencing

judgment entry, as required by *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. Because there are no non-frivolous issues for appeal, counsel's motion to withdraw is granted the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.