[Cite as *State v. Jackson*, 2014-Ohio-777.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 199 |
| V. | ) | |
| | ) | OPINION |
| SHERRICK JACKSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 11CR1359

JUDGMENT:    Reversed and Remanded

APPEARANCES:

For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney Scott C. Essad
721 Boardman-Poland Road, Suite 201
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: February 26, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Sherrick Jackson, appeals from a Mahoning County Common Pleas Court judgment sentencing him to 26 years in prison following his guilty plea to two counts of attempted murder, two counts of felonious assault, and four firearm specifications.

{¶2} On December 15, 2011, a Mahoning County Grand Jury indicted appellant on two counts of attempted murder, first-degree felonies in violation of R.C. 2903.02(A)(D) and R.C. 2923.02(A)(F), and two counts of felonious assault, second-degree felonies in violation of R.C. 2903.11(A)(2)(D). A firearm specification accompanied each count. Appellant initially entered a not guilty plea.

{¶3} On August 20, 2012, appellant changed his plea to guilty on all charges. The trial court accepted appellant's plea and set the matter for sentencing.

{¶4} At the sentencing hearing, the trial court found that the two felonious assault counts merged with the two attempted murder counts and the felonious assault firearm specifications merged with the attempted murder firearm specifications. It then sentenced appellant to ten years on each of the attempted murder counts and three years on each of the firearm specifications. The court ordered the sentences to run consecutively for a total of 26 years in prison.

{¶5} Appellant filed a timely notice of appeal on November 1, 2012.

{¶6} Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT'S SENTENCING OF SHERRICK JACKSON WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AS WELL AS AN ABUSE OF DISCRETION.

{¶7} Appellant argues here that his consecutive sentences are contrary to law and constituted an abuse of discretion. He contends the record evidences numerous factors weighing against consecutive sentences, including: (1) only one prior adult conviction; (2) he pleaded guilty to the indictment and accepted responsibility for his actions; (3) his co-defendant went to trial and denied his involvement, even at sentencing, and was given the same sentence; (4) he

apologized for his actions; (5) no evidence pointed to recidivism; and (6) the presentence investigation (PSI) labeled his chances of recidivism as "high" when he only had two points, which should have labeled him "low."

**{¶8}** Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

**{¶9}** Appellant was convicted of two first-degree felonies. The applicable sentencing range for a first-degree felony is three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). The trial court sentenced appellant to ten years on each of the two counts. Appellant was also convicted of two firearm specifications that each carried a three-year mandatory prison term. R.C. 2941.145(A). The trial court sentenced him to three years on each of these firearm specifications. Thus, the trial court's sentence on each count and specification were within the applicable ranges.

**{¶10}** But appellant does not take issue with his individual sentences. Appellant's only argument is that the trial court should not have ordered his sentences to run consecutively.

**{¶11}** H.B. 86 became effective on September 30, 2011. It revived the language of former R.C. 2929.14(E), regarding findings for consecutive sentences, and moved it to R.C. 2929.14(C)(4). Felony sentencing under H.B. 86 once again requires a trial court to make specific findings when imposing consecutive sentences.

**{¶12}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender *and* that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, *and* if the court also finds *any of the following*:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶13}** Although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v.*

*Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶38.

**{¶14}** Appellant did not object to the imposition of consecutive sentences at his sentencing hearing. Therefore, he has waived all but plain error. See. Crim.R. 52(B); *State v. Jirousek*, 11th Dist. Nos. 2013-G-3128, 2013-G-3130, 2013-Ohio-5267, ¶38. To prevail on a claim governed by the plain error standard, an appellant must demonstrate that the trial outcome would have been clearly different but for the alleged error. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996).

**{¶15}** In sentencing appellant, the trial court made the following statements:

> The Court has considered the record, the oral statements made, and the recommendation contained within the pre-sentence investigation reports that were prepared. The Court has also considered the principles and purposes of sentencing under Ohio Revised Code 2929.11 and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12.
>
> * * * The Court further finds that the defendant, Sherrick Jackson, is not amenable to community control; that prison is consistent with the purposes and principles of sentencing.

(Sentencing Tr. 14-15).

**{¶16}** The judgment entry of sentence does not add any other findings by the trial court. It simply repeats the findings the court made at the sentencing hearing.

**{¶17}** The trial court failed to comply with R.C. 2929.14(C)(4) in sentencing appellant to consecutive sentences. The court did not make a finding that consecutive sentences were necessary to protect the public from future crime or to punish appellant. The court did not make a finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger posed to the public. And the court did not find any of the three situations set out in

R.C. 2929.14(C)(4)(a)(b)(c).

**{¶18}** We have found that even more comprehensive findings than those made here were insufficient to impose consecutive sentences. See *Bellard*, 2013-Ohio-2956 (general statements about the seriousness of the defendant's conduct and his juvenile criminal history were not sufficient to comply with R.C. 2929.14(C)(4)); *State v. Esmail*, 7th Dist. No. 11-CO-35, 2013-Ohio-2165 (statement in judgment entry that court considered purposes and principles of sentencing and all other relevant factors pursuant to R.C. 2929.11 and R.C. 2929.12 along with statements at sentencing hearing regarding the defendant's criminal history and that sentence was consistent with Senate Bill 86 were not sufficient to impose consecutive sentences).

**{¶19}** In this case the court failed to make even one of the three statutorily required findings. A trial court's failure to make the required statutory findings before imposing consecutive sentences is plain error. *Jirousek*, 2013-Ohio-5267, ¶39; *State v. Boynton*, 10th Dist. Nos. 12AP-975, 12AP-976, 2013-Ohio-3794, ¶12. Thus, because the trial court failed to comply with R.C. 2929.14(C)(4), appellant's consecutive sentences are contrary to law.

**{¶20}** Accordingly, appellant's first assignment of error has merit.

**{¶21}** Appellant's second assignment of error states:

THE APPELLANT'S SENTENCING CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶22}** In this assignment of error, appellant asserts his sentence was grossly disproportionate to sentences imposed upon similar offenders. He notes that his counsel raised this issue in the trial court, but asserts the trial court ignored it. He contends there was another case where two people were killed with shotguns and the defendant was sentenced to six years in prison, unlike appellant who was sentenced to 26 years.

**{¶23}** Pursuant to R.C. 2929.11(B), trial courts are to impose felony sentences that are "consistent with sentences imposed for similar crimes committed by similar offenders." Nonetheless, R.C. 2929.11(B) is meant to achieve "consistency" not "uniformity." *State v. Carlisle*, 7th Dist. No. 09 JE 28, 2010-Ohio-1090, ¶12.

**{¶24}** Additionally, for purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, when reviewing the proportionality of sentences, courts should focus on individual sentences instead of on the cumulative impact of multiple, consecutive sentences. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶20. When none of the individual sentences are grossly disproportionate to the sentences for other similar offenses, the aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id.*

**{¶25}** A defendant who alleges his sentence is disproportionate to that of similar offenders has the burden of producing evidence to demonstrate that his sentence is directly disproportionate to sentences given to other offenders, with similar records, who have committed the same offense. *State v. Wilson*, 8th Dist. No. 99331, 2013-Ohio-3915, ¶16.

**{¶26}** At the sentencing hearing in this case, defense counsel reminded the trial court that it should look to similar sentences from similar cases. (Sentencing Tr. 11-12). Counsel then reminded the court that, "recently there was a gentleman that walked in, shot somebody with a shotgun, two people, killed them, and was sentenced to a six-year deal." (Sentencing Tr. 12). However, counsel continued, "*[o]bviously, that's not the same set of facts here*, but I think it's important to remember that similarly situated defendants in cases should be treated similarly." (Sentencing Tr. 12; Emphasis added).

**{¶27}** Appellant's counsel's comment here is telling. He acknowledged that the cases were factually distinguishable. And there is nothing on the record describing the facts of the other case or the prior record of the offender in that case

so that we can compare them with this case.

**{¶28}** Moreover, a ten-year sentence on an attempted murder conviction is not dissimilar to the sentence of others convicted of attempted murder in Mahoning County. See, *State v. Shaw*, 7th Dist. No. 12-MA-95, 2013-Ohio-5292; *State v. Armstrong*, 7th Dist. No. 09-MA-204, 2011-Ohio-661. And the trial court also sentenced appellant's co-defendant to the same ten-year sentences on his attempted murder convictions.

**{¶29}** Thus, appellant did not demonstrate that his ten-year sentences for attempted murder were inconsistent with or disproportionate to sentences of similar offenders for similar crimes.

**{¶30}** Accordingly, appellant's second assignment of error is without merit.

**{¶31}** For the reasons stated above, appellant's sentence is hereby reversed and the matter is remanded to the trial court for resentencing.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.