[Cite as *State v. Smith*, 2014-Ohio-1398.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 168 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SANJUAN SMITH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 11 CR 647

JUDGMENT: Vacated. Remanded.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Gus K. Theofilos
First National Tower, Suite 910
11 Central Square
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 28, 2014

WAITE, J.

**{¶1}** Appellant Sanjuan Smith appeals his ten-year prison sentence imposed by the Mahoning County Court of Common Pleas for attempted rape, kidnapping, and felonious assault. After he entered a guilty plea to the charges, the court sentenced him to three separate prison terms to be served consecutively, for a total prison term of ten years. Appellant contends that all the charges were allied offenses of similar import and should have merged at sentencing. The record reflects that all three charges were based on separate factual circumstances and each could be given a separate penalty. He also argues that the court should not have imposed consecutive sentences because the court failed to make the findings required by R.C. 2929.14(E)(4). Although the former version of the consecutive sentencing statute was found to unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court has since determined that judicial factfinding is appropriate with respect to consecutive sentences. The newly revised consecutive sentencing statute applies to Appellant, and the trial court failed to make the required findings. Therefore, the case is remanded for resentencing so that the proper findings can be made.

## Case History

**{¶2}** On June 4, 2011, Appellant attacked his girlfriend Jucinta Roland. Appellant was 42 years old at the time, and the victim was 20 years old. On June 30, 2011, he was indicted in the Mahoning County Court of Common Pleas on two counts of rape, R.C. 2907.02(A)(2), two counts of kidnapping, R.C. 2905.01(A)(3)

and (4), and one count of felonious assault, R.C. 2903.11(A)(1). The first four counts were first degree felonies. The felonious assault charge was a second degree felony.

{¶3} On July 17, 2012, Appellant entered into a Crim.R. 11 guilty plea on three charges: an amended charge of attempted forcible rape, R.C. 2907.02(A)(2) (second degree felony); kidnapping, R.C. 2905.01(A)(3) (first degree felony); and felonious assault, R.C. 2903.11(A)(1) (second degree felony). The other charges were dismissed. The maximum possible combined prison sentence for the three charges was twenty-six years. The state promised to recommend a ten-year prison term at sentencing. After a plea hearing, the court accepted the plea and scheduled sentencing for August 28, 2012.

{¶4} At the hearing, Ms. Roland testified that she wanted more than a ten-year prison term to be imposed. She discussed the attack in detail, describing that she was beaten, strangled, urinated upon, pushed through a wall, raped, and held captive for six hours. (8/28/12 Tr., p. 4.) She described the emotional toll the attack took on her, her fear of being alone with men after the attack, and her recurring nightmares. The state recommended eight years in prison for attempted rape, ten years for kidnapping, and eight years for felonious assault, all to run concurrently, for a total of ten years in prison. Appellant's counsel noted Appellant's previous convictions for burglary and assault. Appellant's counsel acknowledged that Appellant had beaten Ms. Roland and committed felonious assault, but denied that a rape occurred. Appellant testified that he physically assaulted Ms. Roland, but stated that he did not rape her and that their sexual intercourse was consensual. (8/28/12

Tr., pp. 13, 15.)   He admitted that this was not the first time he had a physical altercation with the victim.   He asked the court to be lenient because he had Parkinson's disease, bleeding ulcers, and suffered from mental illnesses such as bipolar disorder and schizophrenia.   He then blamed Ms. Roland for the attack because she kept his brother's phone number in her phone contact list, causing Appellant to become suspicious of her.

**{¶5}**   The court sentenced Appellant to two years in prison for attempted rape, six years for kidnapping, and two years for felonious assault, all to be served consecutively.   The sentencing judgment entry was filed on August 30, 2012.   This timely appeal followed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN FAILING TO MERGE SENTENCES IMPOSED.

**{¶6}**   Appellant argues that a sentencing judge is required to merge all allied offenses of similar import at sentencing.   Appellant contends that his convictions should have merged and that he should have only been sentenced for one of those crimes.   Appellant argues that there is a certain amount of "kidnapping" that is implied in every forcible rape, since a rape necessarily occurs by holding a person against their will.   Appellant argues that he was charged with attempted forcible rape, and that the force allegedly used was the same force that gave rise to the felonious assault charge.   Appellant claims that, according to the indictment, all three crimes occurred on the same day and should be presumed to have arisen from the same

conduct. Appellant concludes that there was really only one crime in this case, felonious assault, and he freely admits that he committed this crime. It is his hypothesis that he should only have been sentenced for that one crime, even though he pleaded guilty to three crimes.

{¶7} "Allied offenses" are defined by R.C. 2941.25 which provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the defendant may be convicted of all of them. R.C. 2941.25(B).

{¶8} Determining whether offenses are allied within the meaning of the statute is a two-step process. A court must first determine whether, when the elements of the two crimes are compared, the elements "correspond to such a degree that the commission of one crime will result in the commission of the other." *State v. Rance*, 85 Ohio St.3d 632, 638, 710 N.E.2d 699 (1999). *Rance* called for this comparison of the elements of the crime to be done in the abstract. *Id.* at paragraph one of the syllabus. This aspect of *Rance* has since been overruled, and now the sentencing court must consider both the statutory elements of the offenses and the conduct of the accused when determining whether the elements of the two offenses constitute allied offenses. *State v. Johnson*, 128 Ohio St.3d 153, 2010-

Ohio-6314, 942 N.E.2d 1061, paragraph one of the syllabus (overruling paragraph one of the syllabus in *Rance*). In comparing the two offenses, the court looks at "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id.* at ¶48, citing *State v. Blankenship*, 38 Ohio St.3d 116, 119, 526 N.E.2d 816 (1988) (Whiteside, J., concurring).

{¶9} If the court determines that the two offenses are allied, the second step of the analysis requires the court to look at the defendant's conduct to determine whether the crimes were committed separately or with separate animus. *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶14; *State v. Jones*, 78 Ohio St.3d 12, 14, 676 N.E.2d 80 (1997).

{¶10} If no objection is made during the trial court proceedings regarding allied offenses, any error in failing to merge offenses may only be reviewed for plain error. Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. Crim.R. 52(B); *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, ¶11. If the record reflects that multiple sentences for allied offenses of similar import were imposed, this amounts to plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31.

{¶11} Rape is defined under R.C. 2907.02(A)(2) as follows:

(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

**{¶12}** Appellant pleaded guilty to attempted rape. The attempt statute provides that "[n]o person, purposely or knowingly * * * shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

**{¶13}** Kidnapping is defined in R.C. 2905.01(A)(3) as:

No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

* * *

(3) To terrorize, or to inflict serious physical harm on the victim or another;

**{¶14}** Felonious assault is defined in R.C. 2903.11(A)(1), which states:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

**{¶15}** It is very clear from the record in this case that the three offenses were committed separately and could be punished separately. Although the indictment

does charge that Appellant committed all three crimes on the same day, Appellant's own admissions, along with the testimony of the victim, reveal enough context to establish that three different crimes were committed. Regarding the overlap of attempted rape and kidnapping, Appellant is correct that they have often been found to be allied offenses. *State v. Donald*, 57 Ohio St.2d 73, 386 N.E.2d 1341 (1979), syllabus; *State v. Saleh*, 10th Dist. No. 07AP431, 2009-Ohio-1542, ¶125. These rulings were based on the conclusion that "[n]ecessarily, in the crime of rape, the victim must be restrained of her liberty, which can constitute an element of kidnapping." *Donald* at 75. Accordingly, courts would determine whether the kidnapping and rape or attempted rape were committed with separate animus. *Saleh* at ¶126. Where the restraint is prolonged, however, a separate animus can be found for the kidnapping charge independent of the attempted rape charge, and both crimes may be punished separately. *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶135. In this case, the victim testified that she was held captive for six hours. This is a very long period of time, and a separate animus can be attributed to the lengthy kidnapping that is distinct from the attempted rape charge.

**{¶16}** Regarding the alleged overlap of the felonious assault charge with the attempted rape charge, some courts have held, both before and after *Rance*, that the two crimes are not allied offenses. *State v. Burke*, 1st Dist. No. C-840526, 1985 WL 6814 (May 29, 1985); *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶85. Other courts have agreed with Appellant that the force used to commit felonious assault may be the same force used to commit a forcible attempted rape. *See, e.g.,*

*State v. Parker*, 10th Dist. No. 89AP-1217, 1990 WL 70978 (May 24, 1990). Even assuming the two crimes are allied, the second step of the allied offense analysis requires an examination of the facts to determine whether the crimes were committed separately or with separate animus. Appellant admitted at sentencing and in his brief on appeal that he assaulted Ms. Roland by striking her in the face, and that this occurred after they had sexual intercourse. Appellant cannot argue both that the sexual conduct was consensual, that is, unforced, and that the serious physical harm sustained by the victim was part of the attempted rape. Ms. Roland testified that she was beaten, strangled, pushed through a wall, and sustained two black eyes and a broken orbital bone of her face. These are extensive injuries not necessarily connected to the acts involved in an attempted rape. Since the record reflects that at least two separate crimes occurred, there was no error in failing to merge the crimes at sentencing.

**{¶17}** Because this record reveals both separate animus and separate and distinct facts to support separate punishment for each of the three crimes, there is no plain error in the record and Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

**{¶18}** Appellant argues that consecutive sentences should not have been imposed in this case because a mandatory statutory finding was not made. Appellant cites to the former R.C. 2929.14(E)(4), which imposed a requirement on trial judges

to make a series of very specific findings prior to imposing consecutive sentences. These findings had previously been held to violate the Sixth Amendment in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. More recently, the Ohio Supreme Court revised part of its *Foster* holding in *State v. Hodge*, 128 Ohio St.3d 1, 2010–Ohio-6320, 941 N.E.2d 768, and recognized that mandatory findings could be required in the limited situation where consecutive sentences were being imposed.

{¶19} The state legislature responded by enacting revised R.C. 2929.14(C)(4). Under the new law, former R.C. 2929.14(E)(4) was repealed, and the factfinding requirement was moved to R.C. 2929.14(C)(4). Although Appellant committed his crime before the sentencing statute was revised, because he was sentenced after the effective date of H.B. 86, the newly revised section R.C. 2929.14(C)(4) applies to him. *State v. Esmail*, 7th Dist. No. 11 CO 35, 2013-Ohio-2165; *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254; *State v. Stout*, 7th Dist. No. 13 MA 30, 2014-Ohio-1094. Although we have had at least one recent case that has caused some confusion regarding the applicability of amended R.C. 2929.14(C)(4) to defendants who committed their crimes before the statute was enacted but were sentenced after it took effect, it is clear that the amended statute does apply to those, like Appellant, who were sentenced on or after September 30, 2011. *See also State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891; *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520; *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075.

**{¶20}** Our review of felony sentences is a limited, two-step approach, as set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio-4912, 896 N.E.2d 124, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* If the sentence is not clearly and convincingly contrary to law, we then review the sentence to determine whether the trial court abused its discretion. *Id.* at ¶17. Some appellate courts have ceased to apply an abuse of discretion standard to felony sentences because newly reenacted R.C. 2953.08(G)(2) appears to direct otherwise. Former R.C. 2953.08(G)(2) was declared unconstitutional in both *Foster* and *Kalish*. Although H.B. 86 modified portions of R.C. 2953.08(G), subsection (G)(2) was retained and left unchanged from the version that was determined to be unconstitutional. Some courts apply the newly enacted version of R.C. 2953.08(G)(2), including its prescription against using the abuse of discretion standard, however, many (including this Court) do not. *See, e.g., State v. Forney*, 2d Dist. No. 2012-CA-36, 2013-Ohio-3458; *State v. Nguyen*, 4th Dist. No. 12CA14, 2013-Ohio-3170; *State v. Robinson*, 5th Dist. No. CT2012-0005, 2013-Ohio-2893. We have consistently continued to apply the two-fold *Kalish* standard even when reviewing consecutive sentences pursuant to H.B. 86. *State v. Jackson*, 7th Dist. No. 12 MA 199, 2014-Ohio-777; *State v. Hill*, 7th Dist. No. 13 MA 1, 2014-Ohio-919.

**{¶21}** Under revised R.C. 2929.14(C)(4), a trial court has to make three findings before imposing consecutive sentences. The court can impose sentences consecutively only if it finds that: (1) consecutive service is necessary to protect the

public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Thus, while the trial court is once again required to make findings, it is no longer required to state reasons supporting these findings. *State v. Galindo–Barjas*, 7th Dist. No. 12MA37, 2013-Ohio-431, ¶16–17, 19. The court is not required to cite any "magic words" before imposing consecutive sentences, as long as it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶40, quoting *State v. McKenzie*, 3d Dist. No. 15-12-07, 2012-Ohio-6117, ¶10. The trial court can use either the exact words from R.C. 2929.14(C)(4) or other language that reflects that it made the requisite findings. We then review the record to determine whether the findings were made.

{¶22} The sentencing entry in this case states that: "The Court has reviewed the sentencing guidelines (criteria) of enacted House Bill 86 and the revised ORC §§2929.11, 2929.13 and 2929.14." There is no mention of the findings required by R.C. 2929.14(C)(4) in either the sentencing judgment entry or the sentencing transcript. We have previously held that the record does not support that the findings were made when there are only general references to R.C. 2929.14(C)(4) in the

record, or when even one of the three required findings cannot be established. *Jackson*, *supra*, 7th Dist. No. 12 MA 199 at ¶19 (failure to make even one of the findings requires resentencing); *State v. Bellard*, 7th Dist. No. 12-MA-7, 2013-Ohio-2956, ¶17 (general statements about the seriousness of the defendant's conduct and his juvenile criminal history do not comply with R.C. 2929.14(C)(4)); *Esmail*, *supra*, 7th Dist. No. 11 CO 35 at ¶29-13 (simply stating that the sentence is consistent with H.B. 86 and making only one of the three required findings of R.C. 2929.14(C)(4) requires resentencing).

**{¶23}** As the trial court did not make the findings required by R.C. 2929.14(C)(4), this sentence was contrary to law.  Appellant's second assignment of error is sustained.

Conclusion

**{¶24}** Appellant challenges his felony sentence for two reasons.  First, he argues that his convictions for attempted rape, kidnapping, and felonious assault were allied offenses and should have merged.  The record shows that the victim was held captive for six hours and that this constitutes a kidnapping separate from the attempted rape charge.  The record also reflects that at least one separate assault occurred at a different point in time from the attempted rape.  Therefore, the crimes were not allied offenses and could be separately punished.   Second, Appellant argues that the trial court failed to make findings required by former R.C. 2929.14(E)(4) regarding consecutive sentences.  Former R.C. 2929.14(E)(4) has been replaced by R.C. 2929.14(C)(4), which requires three findings must be made

before consecutive sentences can be imposed. The trial court did not make the required findings, here. We overrule Appellant's first assignment of error and sustain the second assignment of error, vacate the August 30, 2012, judgment entry of sentence and remand the case for resentencing.

Donofrio, J., concurs.

DeGenaro, P.J., concurs in part; see concurring in part opinion.

DeGenaro, P.J., concurring in part.

**{¶25}** Acknowledging that regardless of what standard of review is employed, I agree with the majority that the trial court erred in the imposition of concurrent sentences because it failed to comport with the criteria set forth in R.C. 2929.14(C)(4) as a result of the enactment of H.B. 86. However, consistent with my dissent in *State v. Hill,* 7th Dist. No. 13 MA 1, 2014-Ohio-919, post H.B. 86, the clearly and convincingly contrary to law standard of review should be applied to felony sentences pursuant to R.C. 2953.08(G)(2). *See also State v. White,* 2013-Ohio-4225, 997 N.E.2d 629, ¶5-10 (1st Dist.); *State v. Rodeffer*, 2d Dist. Nos. 25574, 25575, 25576, 2013-Ohio-5759, ¶29; *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶7; *State v. Tammerine,* 6th Dist. No. L–13–1081, 2014-Ohio-425, ¶10-12; *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶10 (8th Dist.); *State v. Blair-Walker,* 11th Dist. No. 2012–P–0125, 2013-Ohio-4118, ¶12; *State v. Crawford*, 12th Dist. No. CA2012–12–088, 2013-Ohio-3315, ¶6.

**{¶26}** Thus, while I concur with the majority's analysis with respect to merger and its conclusion that Appellant's case must be remanded for resentencing, I respectfully dissent from the majority's application of the *Kalish* standard of review.