OPINION
{¶ 1} Appellant William D. Lassiter has appealed from his conviction on multiple drug and firearms charges entered in the Jefferson County Court of Common Pleas. Appellant's counsel has filed a no merit brief and a motion to withdraw as counsel due to a lack of meritorious issues on appeal, pursuant to State v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.Ed.2d 419. For the following reasons, counsel's motion to withdraw is sustained and Appellant's conviction and sentence are affirmed.
 {¶ 2} Appellant was indicted on November 1, 2006, on six criminal offenses: trafficking in cocaine (with a firearm specification), trafficking in heroin (with a firearm specification), possession of cocaine, possession of a Colt .45 firearm while under a disability, possession of a Colt 357 firearm while under a disability, and possession of a Ruger semi-automatic rifle while under a disability. Count one was a first-degree felony and count two was a second-degree felony. The remaining counts were third-degree felonies.
 {¶ 3} On November 8, 2006, Appellant entered a plea of not guilty. Counsel was appointed to represent him. Trial was scheduled for February 22, 2007. On February 21, 2007, Appellant entered a written plea of guilty on all counts. The court held an extensive plea hearing and colloquy as to the rights Appellant was waiving by entering the plea. The court stated on the record that the parties had agreed that Appellant would plead guilty to all charges and that the parties jointly recommend a seven-year prison term. The court accepted the guilty plea on all counts and *Page 2 
imposed the agreed seven-year prison term. The court's judgment entry is dated March 1, 2007.
 {¶ 4} On April 3, 2008, Appellant filed this appeal and a motion for delayed appeal, which was granted. Counsel was appointed for purposes of appeal, and counsel filed a no merit brief on June 20, 2008. Appellant was given 30 days to file any additional pro se assignments of error, and none have been filed.
 {¶ 5} Counsel is asking to withdraw pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and pursuant to our ruling in Toney, supra. "`It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous.'" (Citations omitted.) State v. Odorizzi (1998), 126 Ohio App.3d 512, 515,710 N.E.2d 1142.
 {¶ 6} In Toney, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he *Page 3 
should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 10} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 12} The only suggested area of appeal that counsel has mentioned is whether the plea was made voluntarily due to a particular response that Appellant gave during the plea hearing. At one point, Appellant answered the court by saying "No sir. I mean yes, sir." (Tr., p. 4.) The relevant portion of the transcript reads as follows: *Page 4 
 {¶ 13} "THE COURT: But by your plea of guilty you are admitting guilt and waiving or giving up whatever defenses you may have and found guilty and sentenced today. You understand that?
 {¶ 14} "THE DEFENDANT: Yes, sir.
 {¶ 15} "THE COURT: I need to know if your new plea is being entered voluntarily so I'm going to ask you. Are you entering your plea voluntarily?
 {¶ 16} "THE DEFENDANT: No, sir. I mean yes, sir. Voluntarily.
 {¶ 17} "THE COURT: Voluntarily means you're doing it because you think this is what's best for you, not out of some threat or something else; that you're looking at the case, you're looking at the evidence and this is what's best for me. If that's why you're doing it it's voluntarily. If you're being pushed by somebody else, an outside force it's not voluntary.
 {¶ 18} "THE DEFENDANT: It's voluntary." (Tr., p. 4.)
 {¶ 19} In felony cases, a judge may not accept a plea of guilty unless the judge first determines that the plea is being made voluntarily. Crim. R. 11(C)(2)(a); State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419,788 N.E.2d 635, ¶ 26. "Voluntariness is a legal question for a reviewing court to determine independently." State v. Keene (1998),81 Ohio St.3d 646, 656, 693 N.E.2d 246.
 {¶ 20} A plea of guilty effectively waives all appealable errors that may have occurred except for errors that are shown to have precluded the defendant from voluntarily entering into his or her plea. State v.Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. *Page 5 
 {¶ 21} Appellant's slight correction in answering the court's question is not, in and of itself, a basis for concluding that the plea was not being made voluntarily. Even if we were to assume that Appellant's momentary stumble over his answer indicated some type of confusion, the trial judge took the proper step and made sure Appellant understood the question, and allowed Appellant to answer the question again. "[A] court must `clear-up' any confusion on the part of the defendant before it can accept a guilty plea." State v. Swift (1993), 86 Ohio App.3d 407, 413,621 N.E.2d 513. The trial court resolved any confusion that may have been created by Appellant's answer, and there is no error in the trial court's acceptance of the plea.
 {¶ 22} There are no other non-frivolous issues to explore in this appeal. The court explained the constitutional and nonconstitutional rights that Appellant was waiving by making his guilty plea. The parties entered into an agreed sentence, which was accepted by the court. A jointly recommended sentence that is accepted by the court is not appealable. R.C. 2953.08(D)(1). The record indicates that Appellant faced a possible 42-year prison term, but through the benefit of the plea agreement, received a 7-year prison term. (Tr., p. 5.) Appellant had the services of competent counsel who had extensive experience in representing clients in criminal matters. (Tr., p. 9.)
 {¶ 23} This appeal is wholly frivolous. Therefore, counsel's motion to withdraw is hereby sustained, and Appellant's conviction and sentence are affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs. *Page 1