[Cite as *State v. Mincer*, 2018-Ohio-5199.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                    Court of Appeals No. OT-18-005

    Appellee                                                 Trial Court No. 17 CR 012

v.

Jeremiah Mincer                                            **DECISION AND JUDGMENT**

    Appellant                                                Decided:  December 21, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Ron Nisch, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jeremiah Mincer, appeals from the February 2, 2018 judgment of

the Ottawa County Court of Common Pleas sentencing him following acceptance of his

guilty pleas to and convictions of aggravated assault, aggravated vehicular assault,

felonious assault, and operating a vehicle under the influence.  He asserts the following

assignments of error:

I.  The trial court violated the United States and Ohio Constitutions, and Crim.R. 11 (C), in that Appellant's plea was not made knowingly, intelligently, and voluntarily.

II.  The trial court's sentencing decision failed to comply with the punishment theories of R.C. 2929.11 and 2929.12, was not supported in the record, and was contrary to law.

III.  Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 2} At the plea hearing, appellant presented the following facts regarding the incident which led to the charges against him.  Appellant had been drinking and using drugs when the landlord of appellant's girlfriend repeatedly texted his girlfriend and accused her of "partying" with him.  Appellant went to the landlord to address the harassment, had an altercation with him, and left.  As appellant was driving home, the police attempted to stop appellant.  Appellant decided to stop by a gas station where there would be a video camera because he felt threatened.  He exited his vehicle and put his hands in the air, but an altercation ensued with the police as they arrested appellant.  Appellant admitted he accidently hit one of the police cars.

{¶ 3} The state added that on January 14, 2017, appellant physically assaulted the landlord causing serious physical harm.  At the sentencing hearing, the state added that appellant had assaulted the victim with a knife and severely beaten his face, appellant had

2.

operated a vehicle under the influence and attempted to use it as a deadly instrument against police officers attempting to apprehend appellant, and he intentionally hit a police cruiser occupied by an officer who sustained serious physical injury. The state also added that after a lengthy, high speed chase, appellant's vehicle was finally stopped near a gas station because the police had placed stop sticks across the road which had damaged his tires. When appellant exited his vehicle, he asked the officers, "Did you all have fun?" Appellant continued to disobey orders and engaged in a physical altercation until he was subdued with a Taser.

{¶ 4} The trial court accepted appellant's guilty plea and convicted him of the offenses referenced above. Appellant was sentenced to the following prison terms for the felony offenses: 12 months for aggravated assault, R.C. 2903.12(A)(1)(B); four years for aggravated vehicular assault, R.C. 2903.08(A)(1)(a); and 11 years for felonious assault, R.C. 2903.11(A)(2). These sentences were ordered to be served consecutively with each other and concurrently with the sentence of 180 days in the Ottawa County Detention Facility for operating a vehicle while under the influence, a misdemeanor of the first degree, R.C. 4511.19(A)(1)(a), for a total of 16 years of incarceration.

{¶ 5} In his first assignment of error, appellant argues that the trial court violated appellant's constitutional rights under the United States and Ohio Constitutions and the requirements of Crim.R. 11(C), by accepting his guilty plea which was not knowingly, intelligently, and voluntarily made.

3.

**{¶ 6}** A guilty plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The purpose of Ohio Crim.R. 11(C) is to provide a procedure which will "facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

**{¶ 7}** Crim.R. 11(C)(2)(a) requires that the court determine "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." As a reviewing court, we must find the trial court informed the defendant of these facts and that the totality of the circumstances would support the trial court's determination the defendant understood these facts prior to entering the plea. *State v. Nero* at 108-109; *State v. Acosta,* 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, ¶ 10. Any appearance of confusion on defendant's part must be cleared before the court accepts the plea. *State v. Lassiter*, 7th Dist. No. 08 JE 11, 2009-Ohio-1174, ¶ 21.

**{¶ 8}** Appellant contends that the court confused appellant by first stating the penalties correctly and then restating the penalties with errors which the attorneys corrected. Furthermore, appellant asserts he was confused by the discussion of a

4.

mandatory sentence for the felonious assault offense. He contends that the court would not allow appellant to inquire about the penalty for this charge.

{¶ 9} We have reviewed the plea hearing and find the court explained all of the charges and penalties in an understandable manner and appellant acknowledged his understanding and the voluntariness of his guilty plea. The court also addressed the ways in which appellant's prison sentence could be shortened and the rights appellant was giving up by entering the plea and appellant acknowledged an understanding of each matter discussed. Afterward, the court readdressed the penalties to discuss the requirement of a mandatory prison term for the aggravated vehicular assault charge and appellant's counsel indicated he had explained the mandatory prison sentence to appellant who understood. The court then inquired whether anything was left "foggy or incomplete" and no one raised any issue.

{¶ 10} Afterward, the trial court proceeded to discuss whether the felonious assault charge required a mandatory prison term under the newly revised R.C. 2903.11(D)(1), effective October 17, 2017. The state indicated that to avoid the issue, it had agreed to stipulate that there was an attempt to cause physical harm to a police officer by means of a deadly weapon and not that the officer suffered serious physical harm. Appellant acknowledged he understood this discussion as well.

{¶ 11} Afterward, appellant recited what happened on the day at issue and the state recited a condensed version of the facts of the case. Appellant indicated that he disagreed with parts of the summation. The court cut off appellant's further statements to

5.

first direct his questions to counsel. After a discussion off the record, appellant's counsel presented to the court the fact that appellant's drug and alcohol abuse at the time of the incident and mental health issues had a role in his behavior. Appellant also expressed his remorse and sought an opportunity for rehabilitation.

{¶ 12} The court inquired whether there was anything else regarding the facts presented by the state. Appellant started to speak, but his attorney cut off his comments and had a discussion with appellant off the record. Afterward, the court asked appellant for his plea regarding each charge, and appellant pled guilty to each charge.

{¶ 13} Upon a review of the entire hearing, we cannot find anything in the record which supports a finding that appellant's plea was not made intelligently, knowingly, and voluntarily. The court cut off appellant's comments once to direct him to first discuss the matter with his attorney. His attorney then presented additional facts to the court. There is nothing on the record which indicates that appellant objected at the time to his attorney's statements. Therefore, appellant's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, appellant argues the trial court failed to comply with the punishment theories of R.C. 2929.11 and 2929.12 and that the factors of R.C. 2929.14 did not support an imposition of consecutive sentences.

{¶ 15} The trial court has the discretion to impose any sentence within the statutory range and is not required to give "findings or reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 1, *superseded by statute on other grounds as stated*

6.

*in State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 12. To determine the appropriate sentence, the court is guided by the purposes of felony sentencing to: "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Therefore, the court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. The sentence imposed must be chosen to meet these goals and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Furthermore, the court shall "consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct, the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * * and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 16} Before exercising its discretion to impose consecutive sentences, however, a trial court must make the findings set out in R.C. 2929.14(C)(4) at the sentencing hearing and include the findings in the sentencing entry. *State v. Beasley*, 153 Ohio St.3d

7.

497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252-253, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court must find:

> the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

Our standard of review is limited by statute to the issue of whether clear and convincing evidence in the record supports the sentencing court's findings under

8.

R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) and whether the sentence is contrary to law. R.C. 2953.08(G)(2)(a); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. The trial court must also comply with the statutory policies governing felony sentencing set forth in R.C. 2929.11 and 2929.12. *Id*. at ¶ 23.

{¶ 17} On appeal, appellant argues that a sentence of 16 years of imprisonment, only five of which are mandatory, for a defendant with no prior felonies and no serious prior criminal record was excessive for the purpose of protecting "the public from future crime by the offender and others and to punish the offender."

{¶ 18} At the sentencing hearing the court stated it considered the overriding purposes of felony sentencing, R.C. 2929.11. The court considered the sentencing factors, R.C. 2929.12, and found the serious factors outweighed the less serious factors. In consideration of the presentence investigation report, the court noted appellant's numerous prior convictions in 1997, 2002, 2005, 2006, 2012, 2014, and 2016, including under age consumption, disorderly conduct with persistence, possession of drugs and drug paraphernalia, criminal damaging, fleeing and eluding, operating a vehicle under the influence, endangering children while operating a vehicle, leaving the scene of accidents, and reckless operation, for the purpose of emphasizing that by 2017 appellant knew or should have known he has drug and alcohol abuse and mental health issues. The court found that appellant could no longer rely on his deficiencies for lenient treatment.

9.

{¶ 19} The court also noted that while appellant asserted he had been afraid the police would harm him, his actions that night reflected that he endangered the lives of many people during the chase to apprehend him and when he was finally stopped he asked the officers, "Did you all have fun?" Even after the chase ended, appellant resisted arrest until he was subdued by a Taser.

{¶ 20} We find the trial court properly considered the statutory factors prior to sentencing and the record supports the trial court's findings. The record reflects that appellant's conduct in this incident was extremely dangerous to the police and the public. While appellant sought a more lenient sentence because this was his first offense of violence, the record reflects that he had a criminal history which reflects a disregard for the law and several offenses involved the dangerous operation of a motor vehicle. Furthermore, the circumstances of the current incident were sufficiently egregious to justify the sentences imposed.

{¶ 21} Regarding the imposition of consecutive sentences the trial court found: 1) consecutive sentences were "necessary to protect the public from future crime or punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public;" 2) "that at least two of the multiple offenses were committed as a part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;" and

10.

3) "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender" and that "protecting the public from future harm outweighs * * * the hope to rehabilitate [appellant]."

{¶ 22} We find the trial court properly considered the requirements of R.C. 2929.14(C) and the record supports the trial court's findings. Appellant's second assignment of error is found not well-taken.

{¶ 23} In his third assignment of error, appellant acknowledges that his court-appointed attorney competently represented him except for the one incident where his attorney did not allow appellant to speak to the court to present an issue which *could* have related to the knowingness or voluntariness of his plea.

{¶ 24} Once a defendant's guilty plea is accepted, all appealable errors are waived except errors relating to the entry of the plea. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105 . Furthermore, to establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus following *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, all error must be supported by evidentiary materials in the record. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When the claims of ineffective assistance of counsel are based upon facts outside the appellate record, the

11.

issue must be raised in a petition for postconviction relief, not on direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001).

{¶ 25} Because there is nothing in the record to indicate that appellant's counsel rendered ineffective assistance of counsel, we find appellant's third assignment of error not well-taken.

{¶ 26} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

           _____
                              JUDGE

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

           _____
                              JUDGE

           _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.